UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| DAVID REED WILBERS | ) |
| | ) CIVIL ACTION NO. 3:23-cv-00003-GFVT |
| PLAINTIFF | ) |
| | ) |
| v. | ) |
| | ) |
| MARY A. MCNECE; and | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| DEFENDANTS | ) |

## MARY MCNECE'S ANSWER TO COMPLAINT

The Defendant, **Mary McNece ("McNece")**, for her Answer to the Complaint pleads as follows:

### FIRST DEFENSE

To the extent the Plaintiff fails to allege and/or prove a "threshold" injury, the Complaint is brought in contravention of the Kentucky Motor Vehicle Reparations Act, i.e. KRS 304.39-010 *et seq.* and fails to state a claim against this Defendant upon which the relief sought may be granted. Furthermore, the Plaintiff's claims may be wholly or partially barred by provisions of the Kentucky Motor Vehicle Reparations Act, KRS 304.39-010, *et seq.*

### SECOND DEFENSE

To the extent the Plaintiff seeks to recover medical expenses, lost wages, or other replacement services that have been or could be paid as basic and/or added reparations benefits, the Complaint is brought in contravention of the Kentucky Motor Vehicle Reparations Act, i.e. KRS § 304.39-060, and fails to state a claim against this Defendant upon which the relief sought may be granted.

### THIRD DEFENSE

The Plaintiff may have failed to join persons and/or entities in whose absence complete relief cannot be afforded among those already a party. The Plaintiff may have also failed to join those persons who claim an interest related to the subject accident and who are so situated that its disposition may, as a practical matter, impair or impede their ability to protect those interests, or may subject this Defendant to a substantial risk of incurring double, multiple or otherwise inconsistent obligations. Pursuant to CR 19, to the extent that the Complaint fails to join all parties necessary for the just adjudication of the claims, the Complaint should be dismissed.

### FOURTH DEFENSE

Should discovery reveal the Plaintiff was negligent and such negligence directly or proximately caused the accident, injuries and damages claimed, if any, the Complaint is wholly or partially barred. This Defendant is entitled to an apportionment of fault, accordingly.

### FIFTH DEFENSE

Should discovery reveal that the accident, as well as the alleged injuries and damages claimed, if any, was the direct or proximate result of the negligence of some third person or persons, acting jointly or individually with others, or in the alternative, was the direct or proximate result of a sudden emergency, a sudden occurrence, an unavoidable accident or an act of God, such alternative causes may act as a bar, in whole or in part, to the Plaintiff's recovery against this Defendant.

### SIXTH DEFENSE

With regard to injuries and damages claimed, if any, this Defendant may rely upon defenses based upon lack of causal connection between the accident and injuries and/or impairment claimed. Furthermore, this Defendant may claim that the Plaintiff failed to mitigate damages. To the extent the Plaintiff failed to mitigate damages, if any, the Complaint is wholly or partially barred.

### SEVENTH DEFENSE

To the extent the Plaintiff seeks to recover interest and/or attorney fees, the Complaint fails to state a claim upon which the relief sought may be granted.

## EIGHTH DEFENSE

The complaint is or may be wholly or partially barred by one or more legal doctrines of immunity, including but not limited to, the doctrines of governmental immunity, sovereign immunity, qualified immunity, absolute immunity and/or discretionary functional immunity.

## NINTH DEFENSE

This Defendant may rely upon applicable provisions of the Federal Tort Claims Act that act as a complete or partial barrier to the Plaintiff's Complaint against her. Furthermore, this Complaint may be barred by the failure to exhaust administrative remedies.

## TENTH DEFENSE

This Defendant provisionally pleads each and every defense which may apply under Rules 8 and 12 o the Federal Rules of Civil Procedure, subject to the right of future amendment as discovery in this case unfolds.

## ELEVENTH DEFENSE

1. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within numerical **paragraphs 1, 3, 4, 5, 6, 8, 11, 12, 13, 14, 15, 16, 18 and 19** of the Complaint.

2. This Defendant admits the allegations contained within numerical **paragraph 2** of the Complaint.

3. This Defendant admits driving a Chevrolet truck involved in a collision with another automobile on or about November 9, 2020, in Franklin County, KY, when the brakes failed, but she denies that she was negligent as alleged in the Complaint and she is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within numerical **paragraphs 7, 9, and 10** of the Complaint.

4. This Defendant adopts, reiterates and incorporates by reference each and every defense, denial and averment contained within this answer, the same as if set forth fully at length herein, in response to Count II numerical **paragraph 17** of the Complaint.

5. This Defendant denies each and every allegation raised within the Complaint, including subparts of paragraphs and including the allegations raised within the prayer for relief, unless expressly admitted within this Answer. Furthermore, this Defendant reserves her right to amend this Answer and reserves her right to assert any and all other defenses available to her.

### PRAYER FOR RELIEF

WHEREFORE, the Defendant, **Mary A. McNece,** prays for the following relief:

1. That the Complaint be dismissed with prejudice and that the Plaintiff recover nothing thereby;
2. That in the alternative, a trial by jury be granted as to all genuine issues of material fact, if any;
3. That this Defendant recover her costs herein expended; and
4. That this Defendant be awarded any and all appropriate relief to which she may otherwise be entitled.

Respectfully submitted,

Brown & Breeding, PSC
P. O. Drawer 490
London, KY 40743-0490
Telephone: 606-878-7640
Facsimile: 606-878-2364
Email: blbreeding@brownandbreeding.com

BRADFORD L. BREEDING
*Counsel for Defendant, Mary A. McNece*

### CERTIFICATE OF SERVICE

I hereby certify that on February ___6th___, 2023, the foregoing document was sent via email and/or U.S. Mail to the following:

Christopher C. Bailey
J. Tate Meagher

Meagher Law Office, PLLC
11921 Brinley Avenue, Suite 201
Louisville, KY 40243
*Counsel for Plaintiff, David Reed Wilbers*

United States of America
c/o Chief Counsel, Torts,
General Law Service Center,
USPS National Tort Center,
1720 Market Street, Room 2400
St. Louis, MO 63155-9948
*Defendant*

United States of America
USPS Headquarters,
C/O Postmaster General Louis DeJoy,
475 L'Enfant Plaza SW,
Washington, DC 20260-0010
*Defendant*

United States of America
U.S. Department of Justice,
C/O U.S. Attorney General,
950 Pennsylvania Avenue, NW,
Washington, DC 20530-0001
*Defendant*

DATED this the ___ day of February, 2023.

_____
BRADFORD L. BREEDING
*Counsel for Defendant, Mary A. McNece*